Read, J.
Counsel have much to say about powers of attorney, and insist that the one in question does not authorize the execution of a note, although it might the payment of money, • and base their argument upon the distinctions which exist among the several sorts of powers.
Powers of attorney fall under four heads,.
1st. General powers unlimited, embracing the whole business of the principal.
2d. General powers limited to a branch of business of the principal.
3d. A general power to pérform a single transaction, not specifying the mode.
4th. A special power limited to the performance of a single act.
All powers are special when both the end and means are specified.
Where the power is general to perform, a resort to ordinary and usual methods or means comes within the scope of the power.
Where the power is special, limited to the performance of a single act, as to pay a sum of money or receive it, there is no power but to do the particular thing, for the act in such a case is not an end to be accomplished by a resort to means. But a power to accomplish a general end includes the means, unless specified. ,
The power under consideration is limited to a particular transaction, but general as to the means of performance.
*474 It was to collect the amount secured upon the steamboat by mortgage. If the mortgager refused to pay, the attorney was authorized to bring suit. This involved the necessity of counsel, and the agent was authorized to employ them, and bind his principal for compensation for their services. It is said the agent should have paid them the money, this he might not have had ; he was not bound to advance it for his principal, and the execution of a note, binding the principal for such payment is not beyond his authority. In this instance-the express words of the power authorizes him to sue, or settle, or secure the amount and to employ attorneys. This confers upon him the full power to bind his principal for payment by executing a note, binding upon the principal, or by any other ordinary form of indebtedness.
The remaining question is, could the attorney bind Gano with the other parties named ?
It appears'that Gano, Allen and James Blackman were mortgagees upon half the steamboat mentioned, to secure them as sureties of Lewis F. Blackman for two several promissory notes for $3,000, payable to Piatt, Athearn and J. B. Croft.
Thus it appears that all the parties to the note were payees and sureties, with a mortgage to protect the sureties upon half the steamboat in question, seeking the same fund to satisfy the original liability, and were all bound together. Hence they might all become well bound jointly to pay the expenses of procuring payment out of the mortgaged property ; and would all have an interest in removing any liens or incumbrances which might stand in the way. Others thus having an interest in the subject matter, the attorney for Gano might.unite with them to pay the expenses of a common object. So far as the question of apportionment is concerned, it is between the parties themselves, and a question which we are not called upon to determine. Without any other proof, it would be equal between the joint makers. But the payees are-entitled to the full amount.
*475 We are satisfied that the facts and the law authorize a judg" ment for the full amount of the note, with interest, for the plain-1 tiffs. Judgment for Plaintiffs.